IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MIKE RHODES, | ) |
|     Plaintiff, | ) |
| v. | ) No. 1:19-cv-01030-STA-jay |
| BATES RUBBER, INC.; PARK-OHIO HOLDINGS CORP; PARK OHIO ASSEMBLY COMPONENTS GROUP; PARK-OHIO INDUSTRIES, INC.; FLUID ROUTING SOLUTIONS, LLC; SUPPLY TECHNOLOGIES, LLC; and PAMELA McDANIEL (individually), | ) |
|     Defendants. | ) |

___

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE
ORDER DENYING DEFENDANTS' MOTION TO STAY
ORDER DENYING PLAINTIFF'S MOTION TO AMEND RESPONSE AS MOOT**
___

    Before the Court is Defendants Park-Ohio Holdings Corp. and Park-Ohio Industries, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) filed on February 21, 2019, and Motion to Stay (ECF No. 34) filed on June 25, 2019. Also, before the Court is Plaintiff Mike Rhodes' Motion to Amend his Response (ECF No. 39) filed on July 8, 2019. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED** without prejudice to raise the jurisdictional issue in a subsequent dispositive motion. Defendants' Motion to Stay is **DENIED**, and Plaintiff's Motion to Amend his Response is **DENIED** as moot.

    This is an age discrimination case brought under the Tennessee Human Rights Act ("the THRA") by Plaintiff Mike Rhodes against his former employer Bates Rubber, Inc. The Complaint also names several other related corporate entities as Defendants and alleges that each employed Rhodes for purposes of the THRA: Fluid Routing Solutions, LLC; Park Ohio Assembly Components;

1

Supply Technologies, LLC; Park-Ohio Holdings Corp.; and Park-Ohio Industries, Inc. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) based on the parties' diversity of citizenship and the amount in controversy. But Defendants Park-Ohio Holdings Corp. and Park-Ohio Industries, Inc. contest the Court's exercise of personal jurisdiction over them. In their Motion to Dismiss, both Defendants argue that they lack the necessary contacts with the state of Tennessee to support an exercise of general or specific personal jurisdiction. Defendants cite for support a series of facts contained in the affidavits of Park-Ohio Industries' corporate compliance officer and assistant general counsel (collectively "the Kold Affidavit") (ECF Nos. 1-4, 6-3) and the affidavits of its vice-president of human resources ("the Boris Affidavit") (ECF Nos. 1-3, 29-1).

Rhodes opposes the Motion to Dismiss and argues that the Court has both general and specific personal jurisdiction over Defendants. Rhodes relies on affidavits of two former Bates Rubber employees as well as other publicly available documents, which Rhodes believes demonstrate the necessary minimum contacts to show that the Court has personal jurisdiction over Park-Ohio Holdings Corp. and Park-Ohio Industries, Inc. After the briefing on the Motion to Dismiss was complete, Rhodes also offered another argument in opposition to dismissal as part of a Motion to Amend his Response. Rhodes amended brief would argue that Defendants waived their objections to personal jurisdiction by filing a Notice of Removal. At the July 12, 2019, scheduling conference, the Court heard arguments from the parties on the issue and gave Rhodes 10 days in which to file any other legal authority to support his waiver argument. On July 17, 2019, Rhodes filed his brief and notified the Court of his intention to withdraw his argument and the Motion to Amend his Response.

Park-Ohio Holdings Corp. and Park-Ohio Industries, Inc. filed a separate Motion to Stay on June 25, 2019, asking the Court to stay all discovery but only as to them, and not all Defendants, pending a ruling on their jurisdictional challenge. Rhodes has responded in opposition to the stay. Rhodes requests in his response an opportunity to conduct fact discovery on the following subjects

related to jurisdiction: "information relating to [the Park Ohio Defendants'] contacts with Tennessee, and their involvement in Plaintiff's and other Bates employees' terminations, demotions, and adverse employment acts based upon age discrimination, along with [the Park Ohio Defendants'] involvement with operations and employment decisions made at Defendant Bates Rubber plant and other Defendants' plants in Tennessee."

The Court finds good cause to grant Rhodes an opportunity to have discovery relevant to the jurisdictional challenge raised by the Park Ohio Defendants. In deciding whether it has personal jurisdiction over the Park Ohio Defendants, the Court may proceed in three ways: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005). At this stage of the proceedings, the parties have submitted affidavits and fully briefed the jurisdiction issue. Rhodes has now made a request for discovery, albeit after the parties had finished their briefing, to obtain additional information about the Park Ohio Defendants' contacts with the state of Tennessee. Under the circumstances, the Court will give Rhodes a limited opportunity to have discovery but narrowly tailored to the question of the Park Ohio Defendants contacts with the state of Tennessee. Rhodes and the Park Ohio Defendants will have 60 days from the entry of this order to conduct limited, written discovery. The Court does not find cause to allow Rhodes to depose any witnesses on the jurisdictional question. At the conclusion of the limited discovery period, the Park Ohio Defendants may file an appropriate motion on the issue of personal jurisdiction.

Therefore, the Court will **DENY** Defendants' Motion to Dismiss but without prejudice to raise the personal jurisdiction issue in a subsequent dispositive motion, once the parties have had an opportunity to conduct limited, written discovery on the jurisdictional issue. Defendants' Motion to Stay all discovery is **DENIED**, consistent with the Court's grant of a limited opportunity for the

parties to engage in written discovery on the jurisdiction issue.  In light of the Rhodes' notice of his withdrawal, his Motion to Amend is **DENIED** as moot.

The parties are reminded that at the conclusion of the scheduling conference, the Court directed them to revise their proposed scheduling order and re-submit it to the Court for entry.  The parties have not submitted the revised order to the Court to date.  So the parties are directed to submit it by the close of business on Thursday, July 25, 2019.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  July 22, 2019